While I concur in the result, I would limit my analysis to traditional Ohio summary judgment analysis. Judge Brogan's opinion for the court is thorough, careful, and, in my view, entirely correct in its application of the traditional principles of the appellate review of a summary judgment.
A rebuttable presumption, like the presumption that a decision by a professional review body is reasonable, merely reverses the normal burden of proof. Due to the rebuttable presumption created by federal law, the burden is upon the plaintiff-appellant to prove that the decision to deny him staff privileges was unreasonable, rather than upon the defendant-appellee to prove that its decision was reasonable.
When a party seeks summary judgment under Ohio Civ. R. 56, the burden is initially upon that party, as the rnovant, to establish that there is no genuine issue of material fact, regardless of who may have the burdenof proving each fact at trial. Dresher v. Burt(1996),75 Ohio St. 3d 280. Thus, even though Menon would have the burden, at trial, to prove that the decision to deny him staff privileges was unreasonable, if Stouder Memorial Hospital wishes to take advantage of the procedural short-cut provided by Ohio's Civ. R. 56, it must meet its initial burden to put forward evidentiary material to show that its decision was not unreasonable (i.e., that it was reasonable). The burden then shifts to Menon to rebut that evidence. This shifting burden results from Ohio's summary judgment rule, and it is independent from the issue of who would have the burden of proof, under federal law, at trial.
In my view, there is some significance, in the context of a motion for summary judgment, as to who will bear the burden of proof at trial, but it is unrelated to the *Page 28 
movant's initial burden of demonstrating that there is no genuine issue of material fact. Let us assume a hypothetical personal injury case in which the defendant's car allegedly crosses the centerline, striking the plaintiff's car. There are no other witnesses. As a result of injuries sustained in the collision, the defendant has no recollection of the accident and cannot testify concerning whose car crossed the centerline. The physical evidence is of no help. The plaintiff moves for summary judgment on the negligence issue, and presents his own affidavit to the effect that the defendant crossed the centerline. The plaintiff, as movant, has met his initial burden of demonstrating that there is no genuine issue of material fact on the negligence issue.
If the defendant, in the hypothetical, had the burden of proof at trial, he could not rely upon any weakness in the credibility of the plaintiff's affidavit, but would have to present his own evidentiary material in support of the proposition of fact that he had not crossed the centerline. Since he would be unable to do so, summary judgment would necessarily be rendered against him. However, since the plaintiff has the burden of proof at trial on the issue of whether the defendant crossed the centerline, an intermediate possibility is open to the defendant. The defendant might present evidence, for example, that the plaintiff has twice been convicted of attempting to defraud insurance companies with fraudulent claims, with perhaps a perjury conviction or two. With that evidence in the record, it would be hard to conclude, based solely upon the plaintiff's affidavit, that a reasonable finder of fact could only find that the defendant had crossed the centerline, even though there is no evidence in support of the contrary proposition of fact. *Page 29 
To that limited extent, the indentity of the party who will bear the burden of proof of a fact at trial may have an impact upon a summary judgment analysis, but it will never relieve the movant of the initial burden of demonstrating, with evidentiary material under the Rule, that there is no genuine issue of material fact.
For the foregoing reason, I cannot agree that the Health Care Quality Improvement Act, 42 U.S.C. sections 11101, et seq., vitiates the duty of a movant for summary judgment under Ohio's Civ. R. 56 to demonstrate that there is no genuine issue of material fact. However, I agree completely with Judge Brogan's thorough, well-reasoned analysis of the facts, in which he concludes that even in applying a traditional summary judgment analysis, Stouder Memorial Hospital was entitled to have summary judgment rendered in its favor. Therefore, I concur in the judgment of this court.